FIRST DIVISION

May 16, 2005

Nos. 1-03-1449, 1-03-2799 and 1-03-3718, Consolidated 

PEOPLES GAS LIGHT AND COKE COMPANY,

Plaintiff and Counterdefendant-Appellant,

v.

JOEL KENNEDY CONSTRUCTING CORPORATION, and G&V CONSTRUCTION COMPANY, INC.,

Defendants and Counterplaintiffs-Appellees.

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from

the Circuit Court

of Cook County

Nos. 02 M 117874

        02 M 117692

        03 M 115937

       

Honorables

John G. Laurie and

Moira S. Johnson,

Judges Presiding.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

We are asked to decide whether negligence and trespass claims that arise out of the Illinois Underground Utility Facilities Damage Prevention Act (Act) (220 ILCS 50/1 
et seq
. (West 1998)) are superseded by section 11 of the Act and subject to the two-year statute of limitations found in section 12 of the Act (220 ILCS 50/11, 12 (West 1998)).  We conclude that the two-year statute of limitations applies only to the statutorily defined acts or omissions set out in section 11, and not the common law counts of negligence and trespass in the complaints before us.  For the reasons that follow, we reverse the trial court's dismissal of the complaints and remand for further proceedings.

This case comes to us as a consolidated appeal taken from three separate lawsuits filed by plaintiff, Peoples Gas Light and Coke Company, against defendants, Joel Kennedy Construction Corp. (Kennedy Construction), and G&V Construction Company, Inc. (G&V Construction).  The trial court dismissed plaintiff's negligence and trespass claims in all three cases after finding them barred by the two-year statute of limitations found in section 12 of the Act.  The allegations of all three complaints are virtually identical.  

The first complaint was filed July 9, 2002, against Kennedy Construction.  Count I of the complaint alleged that on August 18, 1998, Kennedy Construction trespassed on plaintiff's interest in land located at 6633 North Loron Avenue, in Chicago.  Plaintiff had a possessory interest in the land for maintaining underground gas facilities.  Plaintiff alleged Kennedy Construction damaged its underground gas facility while performing excavation work on the land.  Count II alleged Kennedy Construction performed the excavation work in a negligent manner.  Kennedy Construction moved to dismiss counts I and II of plaintiff's complaint under section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 1998)).  Kennedy Construction argued plaintiff's claims arose under section 11 of the Act and are barred by the two-year statute of limitations found in section 12 of the Act (220 ILCS 50/11, 12 (West 1998)).  The trial court agreed and dismissed counts I and II.  The court later entered judgment for plaintiff on the remaining counts in plaintiff's complaint.  Plaintiff appeals the dismissal of counts I and II under Supreme Court Rule 303 (155 Ill. 2d R. 303).

Plaintiff brought a second action against Kennedy Construction on July 15, 2002.  Counts I and II of the complaint alleged trespass and negligence, respectively, arising from excavation work performed at 1234 North Lawndale Avenue, in Chicago, on August 20, 1999.  The trial court dismissed these counts under section 2-619(a)(5) of the Code as barred by section 12 of the Act.  The trial court entered a finding under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), and plaintiff appeals.

On May 9, 2003, plaintiff filed a similar complaint against G&V Construction.  Counts I and II of plaintiff's complaint alleged negligence and trespass arising from  excavation work performed at 1443 West 41st Street, in Chicago, on October 5, 2000.  Counts V and VI of the complaint alleged negligence and trespass arising from excavation work performed at 3100 North Sheridan Road, in Chicago, on November 3, 1999.  Counts I, II, V and VI were dismissed under section 2-619(a)(5) of the Code as barred by section 12 of the Act.  Plaintiff appeals under Rule 304(a).

The question common to these appeals is whether plaintiff's negligence and trespass claims are superseded by section 11 of the Act and thereby subject to the two-year statute of limitations found in section 12 of the Act.  Our review is 
de novo
.  See 
Borowiec v. Gateway 2000, Inc.
, 209 Ill. 2d 376, 413, 808 N.E.2d 957 (2004) (motions to dismiss under section 2-619 of the Code present questions of law and are reviewed 
de novo
); 
People 
ex rel.
 Graf v. Village of Lake Bluff
, 206 Ill. 2d 541, 549, 795 N.E.2d 281 (2002) (issues of statutory construction present questions of law and are reviewed 
de novo
).

Section 12 of the Act reads: "[n]o action may be brought under Section 11 of this Act unless commenced within 2 years after the date of violation of this Act."  220 ILCS 50/12 (West 1998).  Section 11 of the Act reads in part:

"Every person who, while engaging in excavation or demolition, 
wilfully
 fails to comply with the Act by failing to provide the notice to the owners or operators of the underground facilities or CATS facility near the excavation or demolition area through the State-Wide One-Call Notice System as required by Section 4 of this Act and damages any underground utility facilities or CATS facilities, shall be subject to a fine of no more than $200 for each separate offense and shall be liable for the damage caused to owners or operators of the facility.

Every person who, while engaging in excavation or demolition and has provided the notice to the owners or operators of the underground utility facilities or CATS facilities in and near the excavation or demolition area through the State-Wide One-Call Notice System as required by Section 4 of this Act but otherwise 
wilfully
 fails to comply with this Act and damages any underground utility facilities or CATS facilities, shall be subject to a fine of no more than $100 for each separate offense and shall be liable for the damage caused to the owners or operators of the facility.

Every person who, while engaging in excavation or demolition and has provided the notice to the owners or operators of the underground utility facilities or CATS facilities in and near the excavation or demolition area through the State-Wide One-Call Notice System as required by Section 4 of this Act but otherwise, 
while acting reasonably
, damages any underground utility facilities or CATS facilities, shall not be subject to a fine but shall be liable for the damage caused to the owners or operators of the facility provided the underground utility facility or CATS facility is properly marked as provided in Section 10 of this Act."  (Emphasis added.)  220 ILCS 50/11 (West 1998).

The parties have made elaborate arguments concerning the applicability of section 11 to plaintiff's negligence and trespass claims.  We do not address the 
plethora of arguments raised by the parties because we find the issue to be fairly straightforward.

Section 11 describes what will constitute sanctionable conduct under the Act.  The first two paragraphs provide penalties for 
wilful
 violations of the Act.  The third paragraph explains that a person who, "
while acting reasonably
" and in compliance with the Act, damages an underground utility facility will not be subject to a penalty but will be liable for the damage caused to the underground utility facility.  By definition, negligent conduct does not fall within the conduct described in section 11.  

"Negligence is the failure to use such care as a reasonably prudent and careful person would use under similar circumstances ***.

***  [Negligence] is characterized chiefly by inadvertence, thoughtlessness, inattention[] and the like, while 'wantonness' or 'recklessness' is characterized by willfulness.  The law of negligence is founded on reasonable conduct or reasonable care ***."  Black's Law Dictionary 1032 (6th ed. 1990).  

A wilful act, on the other hand, 

"may be described as one done intentionally, knowingly[] and purposely *** as distinguished from an act done carelessly, thoughtlessly, heedlessly[] or inadvertently.  A willful act differs essentially from a negligent act.  The one is positive and the other negative."  Black's Law Dictionary 1599 (6th ed. 1990).

Plaintiff's negligence claims alleged defendants were guilty of negligent conduct and not the conduct described by section 11 of the Act.  The allegations included:

"Defendant[s] had a duty *** to refrain from using any excavating equipment in a manner which would damage [p]laintiff's *** gas facility.

Nothwithstanding [this] duty, [d]efendant[s] [were] guilty of one or more of the following acts and/or omissions:

a.  Violated the [Act] through [their] excavation activities;

b.  Carelessly, negligently and improperly operated excavating equipment at the [property] over, upon and against [p]laintiff[']s *** gas facility;

c.  Carelessly, negligently and improperly failed to conduct adequate inspection tests or examinations to properly inform itself of the location of the [p]laintiff's *** gas facility, even though such inspections[,] tests or examinations were reasonably necessary to prevent injury to [p]laintiff's said gas facility;

d.  Carelessly, negligently and improperly failed to hand expose [p]laintiff's *** gas facility so as to discover and prevent injury to said gas facility;

e.  Carelessly, negligently and improperly failed to locate the plaintiff's *** gas facility;

f.  Carelessly, negligently and improperly disregarded the location marks provided by [p]laintiff;

g.  Carelessly, negligently and improperly disregarded the oral warning of [p]laintiff's agent regarding how to proceed with the excavation;

h.  Carelessly, negligently and improperly failed to inform [p]laintiff of its operations at the [property] and request [p]laintiff to locate the *** gas facility;

i.  Carelessly and/or negligently failed to engage in proper excavation methods under the circumstances; and 

j.  Was otherwise careless and negligent in failing to regard and avoid damage to [p]laintiff's *** gas facility."

Although plaintiff alleged violations of the Act, the complaint is devoid of allegations involving  wilfulness, or for that matter, reasonableness.  The complaint alleges negligence.

Nor do plaintiff's trespass claims contain such allegations. A trespass is an invasion of the interest in the exclusive possession of land.  
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 204, 680 N.E.2d 265 (1997).  It is an intentional tort.  See 
Dial v. City of O'Fallon
, 81 Ill. 2d 548, 553, 411 N.E.2d 217 (1980).  Plaintiff's complaints allege defendants, despite knowledge "to a substantial certainty that operation of excavation equipment would result in intrusion or interference with *** [p]laintiff's facilities," operated excavating equipment so as to interfere with and invade plaintiff's interest in the property.  There is no allegation that defendants  failed to provide notice or otherwise wilfully failed to comply with a specific provision of the Act. 

As pled in the complaints, the allegations that form the basis of plaintiff's negligence and trespass claims do not fall within the conduct described by section of 11 of the Act.  Because plaintiff's claims do not arise under section 11, the trial court erred in finding them barred by the two-year statute of limitations found in section 12 of the Act.  The judgment of the circuit court in all three cases is reversed and the causes are remanded for further proceedings consistent with this order.

Reversed and remanded.

GORDON and McBRIDE, JJ., concur.